J-A29022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.L.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.D., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 690 WDA 2024 |

Appeal from the Order Entered May 11, 2024
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000167-2022

| | | |
|---|---|---|
| IN THE INTEREST OF: C.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.D., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 691 WDA 2024 |

Appeal from the Order Entered May 11, 2024
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000170-2022

| | | |
|---|---|---|
| IN THE INTEREST OF: D.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.D., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 692 WDA 2024 |

Appeal from the Order Entered May 11, 2024
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000168-2022

| | | |
|---|---|---|
| IN THE INTEREST OF: D.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |

J-A29022-24

.
.
.
.

APPEAL OF: D.D., FATHER    :
    :
.
.
.
.
.
.

    :   No. 693 WDA 2024

Appeal from the Order Entered May 11, 2024
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  CP-02-AP-0000169-2022

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

CONCURRING/DISSENTING MEMORANDUM BY OLSON, J.:

**FILED: MARCH 27, 2025**

I agree with the learned Majority that, based upon careful review of the certified record, the Allegheny County Children, Youth, and Families Services Agency ("CYF") did not present clear and convincing evidence to establish the grounds for termination under the Adoption Act ("the Act"), 23 Pa.C.S.A. § 2511(b), including the existence and nature of any bond between D.D. ("Father") and D.L.D, D.D. ("Drl.D"), D.D. ("Drv. D"), and C.D. (collectively, the "Children") and whether termination of Father's parental rights would be in the best interest of the Children.  I write separately, however, to express my view that appellate examination of the trial court's decision to terminate Father's parental rights pursuant to Section 2511(a)(2) is appropriate under our case law and would be of great benefit to the trial court and the parties on remand.

In Pennsylvania, the "[t]ermination of parental rights is governed by Section 2511 of the Adoption Act."  *Interest of K.T.*, 324 A.3d 49, 56 (Pa.

- 2 -

Super. 2024). Importantly, prior case law establishes that Section 2511 "**requires** a bifurcated analysis." *Id.* (emphasis added). This Court has repeatedly stated:

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in [Section] 2511(a). **Only if** the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to [Section] 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child.

*Id*. (citation omitted) (emphasis added); *see also Interest of T.M.W.*, 232 A.3d 937, 951 n.17 (Pa. Super. 2020) (declining to review whether termination was proper under Section 2511(b) because the Court determined that the evidence was insufficient to support termination of the mother's parental rights under Section 2511(a)); *In re Adoption of G.L.L.*, 124 A.3d 344, 345 n.2 (Pa. Super. 2015) (reminding the trial court that "in termination matters, it must engage in a bifurcated analysis"). The Majority recognizes Section 2511's demand for reviewing courts to engage in a bifurcated analysis. *See* Majority Opinion at 13. The Majority, however, "offer[s] no opinion on the merits of CYF's petition as to subsection 2511(a)(2)" and, instead, focuses solely on Father's claim that the trial court erred in finding sufficient evidence that termination would be in the Children's best interest under Section 2511(b). *Id.* at 17, n.9; *see also id.* at 12 (stating that the trial court's determination under Section 2511(b) "is dispositive of this appeal"). Because

I believe that, in reviewing Section 2511(b) without first reviewing Section 2511(a)(2), the Majority fails to adhere to established precedent, I am constrained to dissent from this aspect of the Majority's memorandum. Moreover, for the benefit of the trial court and the parties, I shall review the trial court's decision to terminate Father's parental rights under Section 2511(a)(2).

Section 2511(a)(2) states:

> **(a) General Rule.**—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> ***
>
> (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

23 Pa.C.S.A. § 2511(a)(2).

In order to satisfy Section 2511(a)(2), the petitioning party must establish: "(1) repeated and continued incapacity, abuse, neglect or refusal; (2) that such incapacity, abuse, neglect or refusal caused the child to be without essential parental care, control or subsistence; and (3) that the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied." *In re Adoption of A.H.*, 247 A.3d 439, 443 (Pa. Super. 2021) (citation omitted). Grounds for termination pursuant to Section 2511(a)(2), however, "are not limited to affirmative misconduct, but concern parental incapacity

- 4 -

that cannot be remedied." *Id.* (citation omitted). In reviewing the orphans' court's findings pursuant to Section 2511(a)(2), we remain mindful that "[p]arents are required to make diligent efforts toward the reasonably prompt assumption of full parental duties." *Id.* (citation omitted).

In this case, the trial court found that the "combination of [Father's] personal instability due to repeated incarcerations, failure to address substance abuse and mental health concerns, and failure to demonstrate any level of parenting ability, coupled with the length of time that ha[d] already passed," demonstrated that "Father's incapacity cannot or will not be remedied and that grounds for termination exist[] pursuant to [Section] 2511(a)." Trial Court Opinion, 9/5/24, at 20. I believe that the trial court's conclusion is supported by the record evidence.

Over the life of the Children's dependency matters, which spans approximately 10 years, the trial court established various service goals for Father, including attending "domestic violence programming, address[ing] his substance abuse and mental health issues, and attend[ing] visits with the Children to demonstrate and develop his parenting skills." *Id*. at 18. Father consistently failed to meet these goals. In particular, during the April 19, 2024 hearing, the CYF caseworker testified that Father "refused to participate in drug and alcohol treatment" because he "d[id not] feel that he need[ed it]" and because he did not believe that substance abuse was an "issue for him." N.T. Trial, 4/19/24, at 128. While Father testified that he did, in fact, successfully complete drug and alcohol treatment, he failed to provide "any

documentation [to the trial court] of participation or completion of a program." Trial Court Opinion, 9/5/24, at 12. In this same vein, there was testimony that Father completed "batterer's intervention treatment," but his repeated criminal incarcerations, as well as the multiple protection from abuse ("PFA") petitions against him, indicate that Father continued to engage in "various incidents including violence" against the Children's mother. *Id.* at 13. Hence, based upon Father's repeated non-compliance, the CYF caseworker testified that "there were no other services the agency would be able to offer him to help him . . . work toward reunification." *Id.* at 19; *see also* N.T. Trial, 4/19/24, at 133.

The evidence presented also established that, over the last 10 years, "Father has been incapable of demonstrating any level of parenting capacity." Trial Court Opinion, 9/5/24, at 13. In particular, "Father has experienced [repeated] periods of incarceration which have prevented him from establishing and maintaining himself as a consistent presence in [the Children's] lives." *Id*. at 19. A review of the certified record reveals that Father has not had an in-person visit with any of the Children since 2021. Indeed, the CYF caseworker testified that, even though the trial court issued multiple orders permitting Father to participate in in-person supervised visits with the Children while he was not incarcerated, Father failed to do so. *See* N.T. Trial, 4/19/24, at 151-152. Instead, Father participated in the Children's lives solely through video visits. These video visits, however, only occurred while Father was incarcerated from approximately July 2023 through

- 6 -

November 2023 and stopped after Father was released from prison and lost contact with the agency. *See id.* at 137-142.

Based upon all of the foregoing, I would affirm the trial court's decision to terminate Father's parental rights pursuant to Section 2511(a), as a review of the certified record confirms the finding that Father's incapacity cannot and will not be remedied. Nonetheless, I agree with the learned Majority's assessment that the certified record is devoid of evidence pertaining to the Children's bond with Father and what, if any, emotional impact the involuntary termination of Father's parental rights would have on the Children. I therefore agree with the learned Majority's ultimate determination that the order challenged on appeal must be vacated and the case remanded to the trial court to allow the parties to present evidence relevant to Section 2511(b).